# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TYRONYA WATSON, ) | |
| Plaintiff ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| TRANS UNION, LLC; ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; EXPERIAN ) | |
| INFORMATION SOLUTIONS, ) | |
| INC.; UNITED STATES ) | |
| DEPARTMENT OF EDUCATION;) | |
| And BETSEY DEVOS, in her ) | |
| Official capacity as Secretary of ) | |
| Education, ) | |
| **Defendants** ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I.      INTRODUCTION

1) This is an action for equitable relief, declaratory relief, actual damages, statutory damages, punitive damages, attorney's fees and costs brought by Plaintiff Tyronya Watson ("Plaintiff"), an individual consumer, against Trans Union, LLC "Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and the United States Department of Education ("Department") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff also brings this action for declaratory and

injunctive relief plus costs and attorney's fees against United States Department of Education ("Department") and Secretary of Education Betsey DeVos ("Secretary") in her official capacity for agency actions, findings, and conclusions which were arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Plaintiff appeals the Department's final agency action to this United States District Court pursuant to the Administrative Procedures Act, 5 U.S.C. § 706 ("APA"). Plaintiff seeks a declaratory judgment that Plaintiff was the victim of a crime of identity theft.

2) Plaintiff's name and identity were used without her authorization to fraudulently sign multiple federally backed student loans.  Plaintiff has attempted to have the Department of Education stop attempting to collect the loans which were fraudulently taken out in her name.  Defendants have refused to remove the false information from Plaintiff's credit reports despite Plaintiff's disputes. The Department has seized Plaintiff's income tax refunds and failed to properly discharge the student loans which were the product of identity theft.

## II. JURISDICTION & VENUE

3)  Subject matter jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331, 1337, 1361

4) The relief requested herein against the Department is authorized by the APA, 5 U.S.C. §§ 702-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the All Writs Act, 28 U.S.C. § 1651.

5) Venue in this district is proper in that the Plaintiff resides here, Defendants transact business here, the conduct complained of occurred here, and pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events transpired in this district.

### III. PARTIES

6) Plaintiff is a natural person residing in Gwinnett County, Georgia.

7) Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia.  Equifax does business in this judicial district.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).  Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined at 15 U.S.C. § 1681a(f) to third parties.  Equifax disburses such consumer reports to third parties of contract for monetary compensation. Equifax maintains its registered office at 1550 Peachtree Street, NW, Atlanta, Georgia 30309 and names its registered agent as Lisa Stockard.  Equifax can be served with Summons and a copy of this Complaint at this address.

8) Alternatively, Equifax may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

9) Trans Union is a Delaware limited liability company with its principal place of business in the state of Illinois. Trans Union does business in this judicial district. Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined at 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

10) Trans Union maintains its registered office at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 and names its registered agent as Prentice Hall Corporation System. Trans Union can be served with Summons and a copy of this Complaint at this address.

11) Experian is incorporated under the laws of Ohio, and has its headquarters at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian does business in this judicial district. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in

the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined at 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation. Experian maintains a registered agent in Georgia, CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046. Experian can be served with Summons and a copy of this Complaint at this address.

12) The United States Department of Education is a federal agency headquartered in the District of Columbia with its principal office located at 400 Maryland Avenue, SW, Washington, D.C. 20202.

13) Secretary Betsey DeVos is sued solely in her official capacity as Secretary of Education, in which capacity she has the ultimate responsibility for the activities of the Department, including the actions complained of herein. Secretary maintains an office at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## IV. FACTS

14) Plaintiff is a natural person.

15) The debt which is the subject of this lawsuit is a consumer debt, specifically student loans.

16) Between May of 2009 and August of 2011, a series of seven federally backed student loans were taken out in Plaintiff's name without her knowledge or authorization. (The loans are referred to herein as the "Loans.")

17) Plaintiff did not receive any benefit from the proceeds of the Loans.

18) The Loans were signed with electronic signatures.

19) The Loans were taken out in the name of "Tyronzya Watson." Plaintiff's name is Tyronya Watson.

20) The Loans were used to attend the following colleges: University of Phoenix; Grand Canyon University; Columbia College; Ashford University; and Southern New Hampshire University.

21) All of the colleges which received the Loans are schools which provide online classes. All of the colleges which received the Loans have a remarkably high dropout rates. A common pattern in federally backed loans which are the product of identity theft is that they are used for online schools with a high dropout rate. Upon information and belief, the fraudulent loans are used to register in online schools and then dropout quickly to receive a refund of the federally backed loans.

22) Plaintiff did not attend any of these colleges or any other college.

23) Plaintiff did not graduate high school.

24) In 2019, Plaintiff discovered the Loans while reviewing her credit information.

25) On or about February 28, 2019, Plaintiff filed a police report with the Gwinnett County Sheriff's Office to report identity theft (herein, "Police Report").

26) Plaintiff has repeatedly attempted to contact servicers, collection agencies, and the Department directly to report that the Loans were the product of identity theft.

27) The Department has continued to attempt to collect payment for the Loans from Plaintiff despite Plaintiff providing copies of her Police Report.

28) The Department placed a treasury offset on Plaintiff's income tax refund in spring of 2019.

29) In June of 2019, Plaintiff submitted an application for discharge of the Loans due to false certification to the Department (herein, the "Discharge Application").

30) On or about July 17, 2019, the Department sent Plaintiff a letter (herein, the "Denial Letter") stating that the Department had denied Plaintiff's Discharge Application. The Denial Letter stated that the Department had concluded that "the personal and electronic information on the loan documents" was Plaintiff's and that

this included, but was not limited to Plaintiff's "address, driver's license and personal references."

31) The Denial Letter was addressed to "Tyronzya" Watson.

32) The address listed on the Loans was an address which Plaintiff never resided.

33) The Department could not have relied upon Plaintiff's driver's license because Plaintiff's driver's license states her name correctly as Tyronya Watson, not "Tyronzya."

34) The Department never contacted the alleged references on the applications for the Loans.

35) Upon information and belief, the Department maintains a *de facto* policy of refusing to process discharges for identity theft claims on federally backed student loans.

36) Upon information and belief, the Department grants less than one percent of discharge applications for identity theft complaints on federally backed student loans.

37) In February of 2020, Plaintiff sent a dispute letter to the credit reporting agencies Equifax, Trans Union, and Experian (herein, the "February Dispute Letter").

38) The February Dispute Letter stated that the information being reported by the Department and concerning the Loans was inaccurate and the Loans were the product of identity theft.

39) The February Dispute Letter stated that certain telephone numbers and addresses on Plaintiff's credit report were inaccurate.

40) Experian forwarded Plaintiff's February Dispute Letter to the Department.

41) Trans Union forwarded Plaintiff's February Dispute Letter to the Department.

42) Equifax forwarded Plaintiff's February Dispute Letter to the Department.

43) The Department performed an investigation of the dispute and sent the results of their investigation to Experian.

44) The Department performed an investigation of the dispute and sent the results of their investigation to Trans Union.

45) The Department performed an investigation of the dispute and sent the results of their investigation to Equifax.

46) Equifax, Experian, and Trans Union left the Loans as reported by the Department on Plaintiff's credit report after Plaintiff's February Dispute Letter.

47) Equifax did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's February Dispute Letter.

48) Equifax's official policy is to not place blocks on identity theft disputes related to student loans, but rather send the disputes to the furnisher for verification upon which Equifax relies.

49) Trans Union did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's February Dispute Letter.

50) Experian did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's February Dispute Letter.

51) In June of 2020, Plaintiff submitted a second dispute letter to Experian, Equifax, and Trans Union again disputing the Loans as reported on her credit report (herein, the "June Dispute Letter"). Plaintiff also attached a copy of the Police Report.

52) Plaintiff sent the June Dispute Letter and Police Report via certified mail/ return receipt to Trans Union, Equifax, and Experian.

53) Plaintiff incurred out of pocket expenses for postage to send the June Dispute Letter as a direct and proximate injury as a result of the behavior of Trans Union, Equifax, Experian, and the Department.

54) Experian forwarded Plaintiff's June Dispute Letter to the Department.

55) Trans Union forwarded Plaintiff's June Dispute Letter to the Department.

56) Equifax forwarded Plaintiff's June Dispute Letter to the Department.

57) The Department performed an investigation of the dispute and sent the results of their investigation to Experian.

58) The Department performed an investigation of the dispute and sent the results of their investigation to Trans Union.

59) The Department performed an investigation of the dispute and sent the results of their investigation to Equifax.

60) Equifax, Experian, and Trans Union left the Loans as reported by the Department on Plaintiff's credit report after Plaintiff's June Dispute Letter.

61) Equifax did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's June Dispute Letter.

62) Trans Union did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's June Dispute Letter.

63) Experian did not place an identity theft block on Plaintiff's credit report in response to the Plaintiff's June Dispute Letter.

64) Plaintiff's credit information including inaccurate information about the Loans has been published to third parties by Equifax.

65) Plaintiff's credit information including inaccurate information about the Loans has been published to third parties by Experian.

66) Plaintiff's credit information including inaccurate information about the Loans has been published to third parties by Trans Union.

67) Plaintiff has suffered emotional distress including but not limited to embarrassment, annoyance, loss of sleep, loss of hope, and humiliation as a result of Defendants' behavior.

68) Plaintiff's emotional distress can be verified by a witness.

69) Plaintiff has had erroneous information about her credit history reported to third parties.

70) Plaintiff has suffered loss of funds including treasury offsets, postage, and uncompensated time away from work to consult with an attorney as a result of Defendants' behavior.

## V. CAUSES OF ACTION

### I. VIOLATIONS OF THE FCRA BY EQUIFAX

*[15 U.S.C. §§ 1681c-2, 1681i, and 1681e(b)]*

71) Plaintiff reincorporates paragraphs 1 through 70 herein.

72) Equifax willfully and/or negligently violated 15 U.S.C. § 1681c-2 by failing to block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft.

73) Equifax willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the information about the Loans Plaintiff disputed was inaccurate and correct the current status of the disputed information, or delete the item from Plaintiff's credit file.

74) Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates when it verified the information about the Loans which Plaintiff had disputed.

75) As a result of Equifax's violations of §§ 1681c-2, 1681i and 1681e(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

76) Equifax's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

77) Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## II. VIOLATIONS OF THE FCRA BY TRANS UNION

*[15 U.S.C. §§ 1681c-2, 1681i, and 1681e(b)]*

78) Plaintiff reincorporates paragraphs 1 through 70 herein.

79) Trans Union willfully and/or negligently violated 15 U.S.C. § 1681c-2 by failing to block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft

80) Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the information about the Loans Plaintiff disputed was inaccurate and correct the current status of the disputed information, or delete the item from Plaintiff's credit file.

81) Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates when it verified the information about the Loans which Plaintiff had disputed.

82) As a result of Trans Union violations of §§ 1681c-2, 1681i, and 1681e(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

83) Trans Union's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

84) Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

### III. VIOLATIONS OF THE FCRA BY EXPERIAN

*[15 U.S.C. §§ 1681c-2, 1681i, and 1681e(b)]*

85) Plaintiff reincorporates paragraphs 1 through 70 herein.

86) Experian willfully and/or negligently violated 15 U.S.C. § 1681c-2 by failing to block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft.

87) Experian willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the information about the Loans Plaintiff disputed was inaccurate and correct the current status of the disputed information, or delete the item from Plaintiff's credit file.

88) Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates when it verified the information about the Loans which Plaintiff had disputed.

89) As a result of Experian violations of §§ 1681c-2, 1681i, and 1681e(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

90) Experian's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

91) Plaintiff is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## IV. VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT ("APA") BY THE DEPARTMENT OF EDUCATION

*[5 U.S.C. § 706(b)]*

92) Plaintiff incorporates paragraphs 1 through 70 herein.

93) The APA provides a cause of action in federal district court for any person aggrieved by final agency action. *See* 5 U.S.C. §§ 702-704.

94) The APA provides that the reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.* § 706(2)(A). The court must also set aside agency actions, findings, and conclusions found to be in

excess of statutory jurisdiction, authority, or limitations, or short of statutory right. *Id*. § 706(2)(C).

95) The Department's own guidance on identity theft discharges states that "the Secretary determines whether to grant a request for discharge under this section by reviewing the request and sworn statement in light of information available from the Secretary's records and from other sources, including guaranty agencies, State authorities, and cognizant accrediting associations." 34 C.F.R. 685.215(d).

96) The Department's decisions to deny Plaintiff's requests for discharge were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## VI. TRIAL BY JURY

97) Plaintiff is entitled to and hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants as follows:

    a) That Plaintiff be awarded statutory, actual, and punitive damages;

    b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

c)  That the Court permanently enjoin any further collection on the Loans by any party;

d)  That the Court require all funds collected by Defendant on the Loans be returned to Plaintiff;

e)  Plaintiff seeks a declaratory judgment pursuant to 34 C.F.R. 685.215 that Plaintiff was the victim of a crime of identity theft;

f)  That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this 9th day of September, 2020.

        **ARMOR LAW, LLC**
        */s/ Chris Armor*
        Christopher N. Armor
        Georgia Bar No. 614061
        P.O. Box 451328
        Atlanta, GA 31145
        Phone 470-990-2568
        Fax 404-592-6102
        *chris.armor@armorlaw.com*
        Plaintiff's Attorney